Georges Nahitchevansky (GN 7750)
KILPATRICK STOCKTON LLP
31 W. 52nd Street
New York, New York 10019
(212) 775-8700 (phone)
(212) 775-8820 (fax)

*Counsel for Plaintiff Merrill Lynch & Co., Inc.*

**ECF CASE**

RECEIVED
OCT 30 2007
U.S.D.C. S.D.N.Y.
CASHIERS

JUDGE PATTERSON

'07 CIV 9649

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MERRILL LYNCH & CO., INC.,

                    Plaintiff,

            v.

"JOHN DOE"

                    Defendant.

Case No. 07 CV _____

**COMPLAINT**

Plaintiff MERRILL LYNCH & CO., INC. ("Merrill Lynch" or "Plaintiff"), by its

attorneys Kilpatrick Stockton LLP, for its complaint against defendant "JOHN DOE"

("Defendant"), alleges:

NATURE OF THE ACTION

1.      Plaintiff is a leading wealth management, capital markets and advisory company.

Plaintiff brings this action to stop the dissemination by Defendant of fraudulent emails

containing racially denigrating content that are being systematically sent to a number of African-

American investment brokers working for Merrill Lynch.  Defendant has initiated this heinous

campaign by impersonating an existing Merrill Lynch Administrative Manager to make it appear

that the infringing emails emanate from or are somehow related to this Merrill Lynch manager,

and by implication Merrill Lynch.

2.      In order to protect its rights, Plaintiff brings this action for trademark

infringement, in violation of Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15

1

US2000 10357561.1

U.S.C. § 1114; false designation of origin, false representation, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A); and for violation of New York State common laws, including fraud, defamation and tortious interference. Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over the subject matter of this action under Sections 1331, 1332, 1338 (a), 1338 (b) of the Judicial Code, 28 U.S.C. § 1331, 1332, 1338 (a) and (b), and under principles of supplemental jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Merrill Lynch is a Delaware corporation with a principal place of business at 4 World Financial Center, New York, New York 10080.

5.     Defendant John Doe is an unnamed party that has committed the acts complained of herein in this Complaint. The identity of Defendant is unknown at this time and shall be named by Plaintiff when his or her identity is confirmed. Upon information and belief, Defendant does not reside in New York and is believed to be based somewhere in the Midwest.

## FACTS COMMON TO ALL CLAIMS

A.     <u>Plaintiff Merrill Lynch</u>

6.     Merrill Lynch is a leading global financial management and advisory company. Plaintiff offers a wide array of financial products and services to private clients, small businesses, institutions and organization. As an investment bank, Merrill Lynch is a leading global trader and underwriter of securities and derivatives across a broad range of asset classes

2

and serves as a strategic advisor to corporations, governments, institutions and individuals worldwide.

7.     As a global financial institution, Merrill Lynch has taken great care to foster an image of corporate social responsibility and good corporate governance by emphasizing excellence, integrity and ethical behavior and by implementing a range of initiatives to help ensure that the communities in which its employees live and work are thriving with opportunities.  In particular, Merrill Lynch has sought to foster an inclusive workplace environment that promotes mutual respect, acceptance, cooperation, and productivity among people from varying backgrounds.

8.     Merrill Lynch has used the MERRILL LYNCH name and mark in connection with its financial products and services since as early as 1915.  Merrill Lynch has also extensively promoted the MERRILL LYNCH name and mark both in the United States and globally.  Merrill Lynch owns a number of U.S. federal trademark registrations for the mark MERRILL LYNCH, and variations thereof, all of which are valid and subsisting (true and correct copies of representative registrations for the MERRILL LYNCH mark, and variations thereof, are annexed hereto as Exhibit 1).

9.     As a result of Merrill Lynch's efforts, considerable goodwill has been generated in the MERRILL LYNCH name and mark as a trusted source of ethical, high quality financial services.  Indeed, the MERRILL LYNCH name and mark is today considered to be among the top 25 global brands.

B.     Defendant's Bad Faith Conduct

10.     Beginning in or around early to mid-September 2007, Defendant began sending racially charged emails to various African-American investment brokers working at Merrill

3

Lynch and, on information and belief, to Al Sharpton in New York City. The emails have been made to appear as though they were sent by a Merrill Lynch Regional Administrative Manager and in some instances have been electronically signed as being from this Merrill Lynch employee. They also, at times, make specific reference to the MERRILL LYNCH name and mark.

11.    The emails sent by Defendant contain explicit racial remarks that are meant to be offensive to the African-American employees of Merrill Lynch who have been targeted by Defendant. For example, some of the emails include such statements or headers as "Breakdance Niggers!," "Nappy Headed Hoes!," "Dead Nigger Storage," and "Nigger Don't work, Nigger Get Paid (at Merrill Lynch)!."

12.    On information and belief, the emails sent by Defendant originated from an email account that Defendant created using Microsoft Corporation's "Hotmail" email service. In essence, Defendant has fraudulently opened a "Hotmail" email account using the name of a Merrill Lynch regional Administrative Manager. By using the "Hotmail" email service, Defendant has sought to conceal his or her identity and bad faith activities.

13.    As a result of Defendant's actions, Merrill Lynch has received complaints from some of its African-American employees. Moreover, Defendant's fraudulent emails have not only cast the Merrill Lynch employee whose name has been used for these racially explicit emails in a negative light, they tarnish the reputation and good will associated with the MERRILL LYNCH name and mark.

FIRST CLAIM FOR TRADEMARK INFRINGEMENT
<u>UNDER SECTION 32 OF THE LANHAM ACT</u>

14.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 above as if fully set forth herein.

4

15.     Over many years of extensive use in connection with financial products and services, Plaintiff's federally registered MERRILL LYNCH mark has become among the most well-known in the world. Plaintiff has established a strong reputation and substantial goodwill by reason of the success and reputation of the financial products and services offered under Plaintiff's MERRILL LYNCH mark, immediately indicating to the public that products and services featuring the mark come from, or are sponsored or approved by Plaintiff.

16.     Without authorization from Merrill Lynch, Defendant has knowingly and willfully used Plaintiff's MERRILL LYNCH mark in offensive and racially charged emails in such a manner so as to be likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, by creating a false and misleading impression that Defendant's email messages are associated or connected with Merrill Lynch, or have the sponsorship, endorsement, or approval of Merrill Lynch.

17.     Merrill Lynch is being and, unless enjoined by this Court, will continue to be damaged by Defendant's unlawful activities. By reason of Defendant's infringing activities, Merrill Lynch has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation, and goodwill as symbolized by the MERRILL LYNCH mark, all to Plaintiff's irreparable harm, for which Plaintiff has no adequate remedy at law.

18.     Defendant's use of the MERRILL LYNCH mark, as heretofore alleged, has been intentionally undertaken in bad faith with a view and purpose of confusing the public and trading upon and pirating away the substantial reputation and goodwill associated with the MERRILL LYNCH mark.

5

## SECOND CLAIM FOR UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION UNDER SECTION 43(a)(1)(A) OF THE LANHAM ACT

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     Over many years of extensive use in connection with financial products and services, Plaintiff's federally registered MERRILL LYNCH mark has become among the most well-known in the world. Plaintiff has established a strong reputation and substantial goodwill by reason of the success and reputation of the financial products and services offered under Plaintiff's MERRILL LYNCH mark, immediately indicating to the public that products and services featuring the mark come from, or are sponsored or approved by Plaintiff.

21.     Without authorization from Merrill Lynch, Defendant has knowingly and willfully used Plaintiff's MERRILL LYNCH mark in offensive and racially charged emails in such a manner so as to be likely to cause confusion, or to cause mistake, or to deceive in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by creating a false and misleading impression that Defendant's offensive email messages are associated or connected with Merrill Lynch, or have the sponsorship, endorsement, or approval of Merrill Lynch.

22.     Merrill Lynch is being and, unless enjoined by this Court, will continue to be damaged by Defendant's unlawful activities. By reason of Defendant's infringing activities, Merrill Lynch has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation, and goodwill as symbolized by the MERRILL LYNCH marks, all to Plaintiff's irreparable harm, for which Plaintiff has no adequate remedy at law.

23.     Defendant's use of the MERRILL LYNCH mark, as heretofore alleged, has been intentionally undertaken in bad faith with a view and purpose of confusing the public and trading

6

upon and pirating away the substantial reputation and goodwill associated with the MERRILL LYNCH mark.

THIRD CLAIM FOR RELIEF FOR
COMMON LAW UNFAIR COMPETITION

24.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as if fully set forth herein.

25.    The aforesaid conduct of Defendant constitutes common law unfair competition in violation of applicable state law.

26.    Defendant's conduct is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public until enjoined by this Court. Plaintiff has no adequate remedy at law.

FOURTH CLAIM FOR RELIEF FOR FRAUD

27.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

28.    Defendant's creation and use of an email address that impersonates a Merrill Lynch employee and which suggests that the offensive and racially charged emails sent by Defendant originate from a Merrill Lynch employee and/or Merrill Lynch operates as a fraud in violation of applicable state law.

29.    Defendant knowingly created and used a false email account and address with the intent to deceive and suggest that the offensive and racially charged emails sent by Defendant originated from a Merrill Lynch employee and/or Merrill Lynch.

30.    The use by Defendant of a false email address to send offensive and racially charged emails to African-American employees of Merrill Lynch has caused harm to such

7

employees, to the Merrill Lynch employee whose name was falsely used by Defendant in connection with the emails, and to Merrill Lynch.

31.    On account of Defendant's fraudulent actions, Plaintiff is entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF FOR DEFAMATION

32.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth herein.

33.    Defendant has knowingly published false statements in emails that it has falsely attributed to a Merrill Lynch employee and/or Merrill Lynch by creating and using an email address that impersonates a Merrill Lynch employee and which suggests that emails emanating from that email address originate from a Merrill Lynch employee and/or Merrill Lynch.

34.    The emails sent by Defendant contain in their headers and/or text racial remarks such as "Breakdance Niggers!," "Nappy Headed Hoes!," "Dead Nigger Storage," "Nigger Don't work, Nigger Get Paid (at Merrill Lynch)!," and "Hello Niggers!."

35.    These emails were sent to African-American employees of Merrill Lynch and to Al Sharpton with the false suggestion that they originated with a Merrill Lynch employee and/or Merrill Lynch.  Such suggestion was known to be false to Defendant.

36.    Defendant's false statements and false attribution has injured and caused harm to the reputation of the Merrill Lynch employee whose name was used in the emails and to Merrill Lynch.

## FIFTH CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE

37.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein

8

38.     Defendant has knowingly published false statements in emails it has sent to African-American employees of Merrill Lynch and to others, which emails Defendant has falsely attributed to a Merrill Lynch employee and/or Merrill Lynch in an effort to disrupt, harm and/or damage the existing relationships Merrill Lynch enjoys with its employees.

39.     Such false and misleading statements and misattribution have been made in bad faith and with the sole purpose of harming Merrill Lynch and not for any legitimate business purpose.

40.     As a result of Defendant's actions, Merrill Lynch has been injured in an amount to be determined at trial.

WHEREFORE, Plaintiffs demands judgment as follows:

1.     That Defendant, its agents, officers, franchisees, licensees, affiliates, principals, subsidiaries, parents, servants, representatives, employees, attorneys, shareholders, divisions, successors and assigns, and all those in active concert or participation with Defendant who receive notice of such judgment directly or otherwise, be preliminarily and permanently enjoined from:

(a)     Sending racially charged emails to employees of Merrill Lynch and/or to others that suggest an affiliation with, sponsorship by and/or endorsement by Merrill Lynch or any employee of Merrill Lynch;

(b)     Falsely attributing or designating the origin of any emails or other statements to Merrill Lynch and/or any of its employees;

(c)     Imitating, copying, broadcasting, using, distributing, reproducing, displaying or authorizing any third party to imitate, copy, broadcast, use, distribute, reproduce or display the MERRILL LYNCH name and mark in any form or medium;

9

(d)    Using any symbols or elements or depictions which are confusingly similar to the MERRILL LYNCH name and mark in any form or medium, in connection with any goods or services;

(e)    Making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's emails or other statements or publications are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(f)    Engaging in any other activity constituting unfair competition with Plaintiff or otherwise injuring Plaintiff's business reputation in any manner; and

(g)    Aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (f) above.

2.    That the following be awarded to Plaintiff:

(a)    All of Defendant's profits, gains and advantages realized by Defendant from his or her exploitation of Plaintiff's MERRILL LYNCH name and mark, wherever said exploitation took place, which are attributable to Defendant's acts of trademark infringement, unfair competition and deceptive trade practices, trebled pursuant to 15 U.S.C. § 1117;

(b)    Such damages as have been sustained by Plaintiff, in an amount to be determined at trial, as authorized by, *inter alia*, 15 U.S.C. § 1117(a), and applicable state law, trebled or otherwise enhanced to the extent permitted under 15 U.S.C. § 1117(a) or other applicable law;

(c)    Exemplary and punitive damages as the Court finds appropriate to deter any future willful conduct; and

(d)    Interest, including pre-judgment interest, on the foregoing sums.

10

3.    That Plaintiff have and recover its reasonable attorneys' fees.

4.    That Plaintiff have and recover its costs in this civil action.

5.    That Plaintiff have and recover such other and further relief as the Court may

deem just and proper.

Dated: October 30, 2007                    KILPATRICK STOCKTON LLP

By:    _____
       Georges Nahitchevansky (GN 7750)
       31 W. 52nd Street
       New York, New York 10019
       (212) 775-8700 (phone)
       (212) 775-8820 (fax)

       *Counsel for Plaintiff*

11

# EXHIBIT 1

Int. Cl.: 16

Prior U.S. Cl.: 38

## United States Patent and Trademark Office

Reg. No. 1,272,653
Registered Apr. 3, 1984

## TRADEMARK
### Principal Register

# MERRILL LYNCH

Merrill Lynch & Co., Inc. (Delaware corporation)
One Liberty Plz., 165 Broadway
New York, N.Y. 10080

For: BOOKS, PAMPHLETS, NEWSLETTERS, AND BROCHURES CONCERNING FINANCIAL SERVICES, in CLASS 16 (U.S. Cl. 38).

First use May 1, 1979; in commerce May 1, 1979.

The names "Merrill" and "Lynch" refer to Charles E. Merrill and Edmund Calvert Lynch, respectively, co-founders of a successor company of Merrill Lynch & Co., Inc., neither of whom is alive today.

Ser. No. 390,207, filed Sep. 27, 1982.

JOHN P. RYNKIEWICZ, Examining Attorney

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,634,761
Registered Oct. 15, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## MERRILL LYNCH ABCS

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
222 BROADWAY, 17TH FLOOR
NEW YORK, NY 10038

FOR: FINANCIAL SERVICES, NAMELY, PROVIDING ACCESS TO CAPITAL FOR CLIENTS TO GAIN ENTRANCE TO THE MARKET FOR HIGH EQUITY CONTENT SECURITIES , IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-1-2000; IN COMMERCE 12-1-2000.

OWNER OF U.S. REG. NOS. 1,272,653, 2,144,033 AND OTHERS.

SER. NO. 76-298,803, FILED 8-10-2001.

KATHY DE JONGE, EXAMINING ATTORNEY

Int. Cls.: 9 and 36

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,785,436
Registered Nov. 25, 2003

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

# Merrill Lynch ONLINE

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
222 BROADWAY, 17TH FLOOR
NEW YORK, NY 10038

FOR: COMPUTER SOFTWARE FOR ACCESSING FINANCIAL AND ACCOUNT INFORMATION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1999; IN COMMERCE 12-1-1999.

FOR: FINANCIAL SERVICES IN THE NATURE OF FINANCIAL CONSULTATION AND INVESTMENT ACCOUNT PLANNING, AND FINANCIAL SERVICES IN THE NATURE OF FINANCIAL CONSULTATION AND INVESTMENT ACCOUNT PLANNING PROVIDED THROUGH A GLOBAL NETWORK, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-1-1999; IN COMMERCE 12-1-1999.

OWNER OF U.S. REG. NOS. 2,353,416, 2,357,019 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ONLINE", APART FROM THE MARK AS SHOWN.

SER. NO. 76-309,748, FILED 9-6-2001.

MICHAEL KAZAZIAN, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,216,854
Registered Mar. 13, 2007

### SERVICE MARK
### PRINCIPAL REGISTER

# MERRILL LYNCH ACCESS

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
4 WORLD FINANCIAL CENTER
NEW YORK, NY 10080

FOR: FINANCIAL SERVICES, NAMELY, DEBIT ACCOUNT SERVICES FEATURING A COMPUTER READABLE CARD WITH A DELAYED DEBIT FEATURE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-1-2005; IN COMMERCE 5-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,280,908, 2,422,477 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ACCESS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-657,089, FILED 3-22-2006.

LINDA M. KING, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,981,328
Registered Aug. 2, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

## MERRILL LYNCH CONSULTS ANNUITY

MERRILL LYNCH & CO., INC (DELAWARE CORPORATION)
222 BROADWAY, 17TH FLOOR
NEW YORK, NY 10038

FOR: FINANCIAL CONSULTATION SERVICES IN THE FIELD OF RETIREMENT PLANNING AND VARIABLE ANNUITIES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-1-2002; IN COMMERCE 7-1-2002.

OWNER OF U.S. REG. NOS. 1,280,908, 2,542,401, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE ANNUITY, APART FROM THE MARK AS SHOWN.

THE NAME "MERRILL LYNCH" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SN 76-345,119, FILED 12-3-2001.

VIVIAN MICZNIK FIRST, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,623,491
Registered Sep. 24, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## MERRILL LYNCH STRATEGIC PORTFOLIO ADVISOR

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
222 BROADWAY, 17TH FLOOR
NEW YORK, NY 10038

FOR: FINANCIAL SERVICES, NAMELY CONSULTING AND ADVISORY SERVICES FOR RETIREMENT PLANS, UNION PENSION FUNDS, ENDOWMENTS AND TRUST FUNDS , IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-31-1994; IN COMMERCE 5-31-1994.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "STRATEGIC PORTFOLIO ADVISOR", APART FROM THE MARK AS SHOWN.

SER. NO. 76-172,141, FILED 11-28-2000.

BRIAN NEVILLE, EXAMINING ATTORNEY

**Int. Cl.: 36**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

Reg. No. 2,630,722
Registered Oct. 8, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## MERRILL LYNCH EDUCATION SAVINGS ACCOUNT

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
222 BROADWAY, 17TH FLOOR
NEW YORK, NY 10038

FOR: FINANCIAL SERVICES, NAMELY, INVESTMENT IN A TAX-DEFERRED EDUCATIONAL SAVINGS PLAN, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-1997; IN COMMERCE 11-1-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EDUCATION SAVINGS ACCOUNT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-231,432, FILED 3-27-2001.

INGA ERVIN, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 3,307,886

Registered Oct. 9, 2007

## SERVICE MARK
## PRINCIPAL REGISTER

# MERRILL LYNCH PERSONAL ADVISOR

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
4 WORLD FINANCIAL CENTER
NEW YORK, NY 10080

FOR: FINANCIAL INVESTMENT AND BANK-ING SERVICES, NAMELY, SECURITIES TRADING, PROVIDING FINANCIAL INFORMATION AND RESEARCH, CHECKING ACCOUNT SERVICES, CREDIT AND DEBIT ACCOUNT SERVICES, ON-LINE AND PERSONAL INVESTMENT ADVICE, BILL PAYMENT SERVICES, PERSONALIZED FI-NANCIAL REPORTING SERVICES, ALL OFFERED TOGETHER IN A FEE-BASED PROGRAM, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-6-2006; IN COMMERCE 10-6-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,280,908, 2,422,477, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PERSONAL ADVISOR" , APART FROM THE MARK AS SHOWN.

SN 76-658,272, FILED 4-11-2006.

LINDA M. KING, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 3,307,879
Registered Oct. 9, 2007

## SERVICE MARK
## PRINCIPAL REGISTER

### MERRILL LYNCH RETIREMENT INCOME SERVICE

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
4 WORLD FINANCIAL CENTER
NEW YORK, NY 10080

FOR: FINANCIAL SERVICES, NAMELY, PROVIDING A RETIREMENT INCOME PLANNING AND MANAGEMENT SERVICE THAT LINKS A LONG-TERM RETIREMENT PLAN WITH A TACTICAL ANNUAL INCOME PLAN, INVESTMENT STRATEGY AND MANAGEMENT AND CASH MANAGEMENT FUNCTIONALITY, AS WELL AS TRACKS PROGRESS AGAINST THE PLANS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-1-2006; IN COMMERCE 8-1-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,280,908, 2,367,911, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RETIREMENT INCOME SERVICE", APART FROM THE MARK AS SHOWN.

SN 76-656,582, FILED 3-14-2006.

LINDA M. KING, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 3,298,535
Registered Sep. 25, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

MERRILL LYNCH INSTITUTIONAL CONSULTING GROUP

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
4 WORLD FINANCIAL CENTER
NEW YORK, NY 10080

FOR: FINANCIAL SERVICES, NAMELY, FINANCIAL ADVISORY, FINANCIAL INVESTMENT AND FINANCIAL REPORTING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2005; IN COMMERCE 11-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,465,877 AND 2,727,413.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSTITUTIONAL CONSULTING GROUP", APART FROM THE MARK AS SHOWN.

SN 76-640,975, FILED 6-16-2005.

JOANNA DUKOVCIC, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,630,352
Registered Oct. 8, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## MERRILL LYNCH 100 TECHNOLOGY INDEX

MERRILL LYNCH & CO., INC. (DELAWARE CORPORATION)
222 BROADWAY 17TH FLOOR
NEW YORK, NY 10038

FOR: FINANCIAL SERVICES, NAMELY, PRO-VIDING PERFORMANCE INFORMATION FOR STOCKS IN A SELECT INDUSTRY BY ELECTRO-NIC MEANS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-19-1998; IN COMMERCE 2-19-1998.

OWNER OF U.S. REG. NOS. 1,280,908, 2,429,191 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "100 TECHNOLOGY INDEX", APART FROM THE MARK AS SHOWN.

SER. NO. 76-176,407, FILED 12-6-2000.

MICHAEL TINYK, EXAMINING ATTORNEY